IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN EICKHOFF AND<br>MICHELLE EICKHOFF,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SCANNELL PROPERTIES #516, LLC,<br><br>　　　　　Defendant,<br><br>v.<br><br>H.B. CONSTRUCTION, et al.,<br><br>　　　　　Third-Party Defendants. | CIVIL ACTION<br><br>No. 24-2234-KHV |

## MEMORANDUM AND ORDER

On May 14, 2024, in the District Court of Wyandotte County, Kansas, plaintiffs John and Michelle Eickhoff filed suit against Scannell Properties #516, LLC, alleging public and private nuisance and negligence. On June 3, 2024, defendant removed the case to federal court. See Notice of Removal (Doc. #1). This matter is before the Court on Defendant Scannell Properties #516, LLC's Partial Motion For Summary Judgment (Doc. #186) filed August 25, 2025. For reasons stated below, the Court sustains in part and overrules in part defendant's motion for summary judgment on Michelle Eickhoff's personal injury claim

Scannell argues that it is entitled to summary judgment on Michelle's personal injury claim. Scannell argues that because Michelle admitted that she saw the mud, it had no duty to warn her of the open and obvious condition of the property. For a danger to be open and obvious, an individual must both know about the condition or activity itself and appreciate the danger involved. Gregoy v. Creekstone Farms Premium Beef, LLC, 728 Fed. App'x 824, 828–29 (10th

Cir. 2018). Michelle does not dispute that she saw the mud. Even so, a reasonable jury could find that she did not appreciate the "probability and gravity of the threatened harm" from the mud on her property. Id. at 829. The Court therefore overrules Scannell's motion for summary judgment on this issue.[1] See id. at 826 (fact question whether danger was "open and obvious" generally reserved for jury) (citing Walker v. Mustang Enters., Inc., 2016 WL 3570483, at *3 (Kan. Ct. App. July 1, 2016)).

**IT IS SO ORDERED**.

Dated this 24th day of September, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Plaintiffs do not dispute that because they did not supplement their Rule 26 disclosures, Michelle can seek no more than $100,000 in damages on her personal injury claim. The Court therefore sustains defendant's motion on Michelle's personal injury claim on this limited issue.